UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENISE NIELSEN,<br><br>        Plaintiff,<br><br>    vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a foreign corporation, and AETNA LIFE INSURANCE COMPANY, a foreign corporation,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR LONG TERM DISABILITY BENEFITS** |

COMES NOW THE PLAINTIFF, Denise Nielsen, and alleges as follows:

### I.    NATURE OF ACTION

1.1    This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and specifically under 29 U.S.C. § 1132(a)(1)(B).

1.2    Ms. Nielsen brings this action for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing her rights under the plan, and clarifying her rights to future benefits under the plan. She seeks relief, including but not limited to, a declaration of her right to disability benefits, equitable relief to remedy Defendants' failure to comply with ERISA, prejudgment and post judgment interest, and attorneys' fees and costs.

## II.     JURISDICTION AND VENUE

2.1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

2.2.    Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## III.    PARTIES

3.1.    At the commencement of her disability claim, Plaintiff Denise Nielsen was a resident of Tacoma, Washington, an employee of the Boeing Corporation, and a "participant," within the meaning of 29 U.S.C. § 1002(7), in the ERISA-governed The Boeing Company Welfare Plan ("the Plan").

3.2.    Defendants Hartford Life and Accident Insurance Company, a foreign corporation, and Aetna Life Insurance Company, a foreign corporation (referred hereafter, collectively, as "Defendants") are corporations located in the State of Connecticut and the State of Kentucky, respectively and authorized to conduct business in Washington State, and are the long-term disability insurers for the Boeing Plan.

3.3.    Upon information and belief, Defendant Hartford Life and Accident Insurance Company purchased certain Aetna Life Insurance Company disability insurance contracts and agreed to reinsure one hundred percent of the liabilities arising under the terms of those contracts, including the Aetna policy at issue in this matter.  Aetna also appointed Hartford as its lawful attorney-in-fact to administer the claims arising under the reinsured policies, including the Aetna policy at issue in this matter.  All further references to Hartford and/or Aetna will be collectively referred to as "Defendants" or Defendant Hartford.

3.4.    At all relevant times, Defendant Hartford was a fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C.§1002(21), in that Hartford acted as a claim fiduciary for

the long term disability ('LTD") policy at issue, and it exercised authority and control over the payment of disability benefits. Hartford is also the "appropriate named fiduciary" of the LTD policy as described in 29 C.F.R. §2560.503-1(h)(1).

## IV.     FACTUAL ALLEGATIONS

4.1.    Among other benefits, the Boeing Plan provides LTD benefits to Boeing employees who are participants in the Plan.

4.2.    Defendants issued a group insurance policy to Boeing and/or the Plan, which provides LTD benefits for the Plan members.

4.3.    Defendants are "administrators," within the meaning of 29 U.S.C. § 1002(16), of those portions of the Plan that concern LTD benefits.

4.4.    Defendants exercise authority or control respecting the management or disposition of the Plan assets and are therefore a "fiduciary" of the Plan as that term is defined by 29 U.S.C. § 1002(21); and/or are a "named fiduciary" of the Plan pursuant to 29 U.S.C. § 1133(2) and/or are considered a "designated fiduciary" of the Plan pursuant to 29 U.S.C. § 1105(c)(1)(B).

4.5.    Defendant Hartford is presently the claims fiduciary with respect to that portion of the Plan which concerns LTD benefits.

4.6.    Defendants provide administrative services to the Plan, including evaluation of LTD claims made under the Plan.

4.7.    Defendants purport to have authority to make determinations regarding Plan participants' eligibility for, and entitlement to, LTD benefits.

4.8.    The policy pays LTD benefits if a Plan participant is "disabled" within the meaning of the policy.

4.9. The Plaintiff, Denise Nielsen, was employed full time as a Benefits Specialists by Boeing, until approximately December 2020.

4.10. Ms. Nielsen was an "employee," within the meaning of 29 U.S.C. § 1002(6), of Boeing.

4.11. Ms. Nielsen is a "participant," within the meaning of 29 U.S.C. § 1002(7), of the Plan.

4.12. Ms. Nielsen is a "beneficiary," within the meaning of 29 U.S.C. § 1002(8), of the Plan.

4.13. Due to Plaintiff's employment, she became eligible to receive disability coverage, and premiums were paid to Defendants in consideration for coverage.

4.14. Plaintiff became afflicted with disabling medical conditions while she was employed by Boeing.

4.15. Plaintiff has been diagnosed with bilateral venous insufficiency, bi-lateral carpal tunnel syndrome, cervical and lumbar spine dysfunction, and hip pain.

4.16. Plaintiff's medical conditions are physical and/or organic disabling diseases.

4.17. Plaintiff is unable to work because she is disabled due to her medical conditions.

4.18. Plaintiff is eligible to receive LTD benefits until her medical conditions improves or until her social security normal retirement age of 67 years, as provided by the policy.

4.19. Plaintiff applied for short-term disability ("STD") benefits from Boeing.

4.20. The STD plan determined that Plaintiff's medical conditions prevented her from performing her own occupation and approved STD benefits through the maximum period.

4.21. The definition of disability for STD benefits is the same as the definition of disability under the first two years of the LTD policy.

4.22. Plaintiff properly completed the application process for LTD with Defendant Hartford, and it initiated a claims review.

4.23. By letter, dated March 25, 2021, Hartford denied Plaintiff's claim for LTD benefits.

4.24. Plaintiff appealed the denial of LTD benefits and submitted supportive medical vocational documentation of her claim.

4.25. By letter, dated August 22, 2022, Defendant Hartford upheld the denial of Plaintiff's claim.

4.26. Defendant Hartford conducts its claim review process in a manner that results in the denial of valid claims.

4.27. Plaintiff presented Hartford with objective medical proof of her disability, supported by her treating and examining physicians, and Defendants chose to ignore this evidence.

4.28. Plaintiff has sustained economic damages because of Hartford's actions.

4.29. Defendants have failed to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making.

4.30. Defendants have failed to train and/or supervise their employees and/or have failed to ensure that their employees managing claims and appeals, are aware of, or follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decisions.

4.31. Defendant Hartford was both the decision-maker with respect to Plaintiff's claim for long-term disability benefits, and the entity that would pay those benefits.

4.32. Because Defendant Hartford was both the decision-maker and the payor with respect to Plaintiff's claim for benefits, it had a conflict of interest.

4.33. The conflict of interest impacted its management of Plaintiff's claim for benefits and was a reason for the denial of her benefits.

4.34. On information and belief, Defendant Hartford deliberately deny claims it knows to be meritorious to delay making payment to those participants and to avoid exposure under the LTD policies issued to Boeing employees.

4.35. By repeatedly and consistently delaying payment on valid claims, and by repeatedly and consistently denying valid claims, Defendant(s) can earn additional money from investments on the money withheld.

4.36. Because of the volume of disability claims that they manage and pay Defendant(s) can earn substantial money by denying and delaying payment on claims which they know to be valid and meritorious.

4.37. One of the means Defendant Hartford uses to delay payment on claims is to hire biased reviewers who ignore supportive evidence of disability.

4.38. Defendants have consistently, systematically, and deliberately failed to establish and/or follow and/or maintain reasonable claims procedures as required by ERISA.

4.39. Defendants violate ERISA in the manner described above, and as described below to increase profits at the expense of the people they insure.

4.40. Plaintiff has exhausted her administrative remedies under ERISA.

## V. RIGHT TO BENEFITS UNDER ERISA

Plaintiff readopts and realleges all the foregoing allegations set forth in Sections I-IV of this Complaint and, in addition, alleges the following:

5.1   The disability benefits administered by Defendants, and complained of herein, stem from an "employee welfare benefit plan" or a "welfare plan," as defined in 29 U.S.C. §1001, *et seq*. ("ERISA").

5.2   Plaintiff alleges that Defendants wrongfully denied her LTD benefits contrary to the medical, forensic, testimonial, and vocational evidence contained in the record.

5.3   Defendants' breach of duties owed to Plaintiff proximately caused damage to Plaintiff, and these damages were a natural and foreseeable consequence of Defendants' wrongful conduct.

5.4   Plaintiff has the express right and standing under ERISA to bring a cause of action against Defendants to enforce her rights and recover the benefits due her under the terms of the LTD policy, as well as to clarify her rights to future benefits under the policy.

5.5   Pursuant to WAC 284-96-012 and *Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, 2011 WL 617384 (W.D. Wash. 2011), *Landree v. Prudential Ins. Co. of America*, 2011 WL 2414429 (W.D. Wash. 2011), and *Treves v. Union Sec. Ins. Co., LLC*, 2014 WL 325149 (W.D. Wash. 2014), Defendants' denial of Plaintiff's claim for long-term disability benefits is subject to *de novo* review by this Court.

## VI. PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1.   That this Court declare that Plaintiff was continuously disabled within the meaning of the Plan and the LTD policy and eligible and entitled to receive benefits from the

date of denial through the time of trial;

6.2. That this Court declare that Defendants, by denying Plaintiff disability benefits and refusing to pay Plaintiff disability benefits, violated the terms of the Plan and LTD policy and denied Plaintiff her rights under the Plan and the LTD policy;

6.3. That this Court order Defendants to pay Plaintiff the long-term disability benefits she was entitled to receive, through the time of trial, with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

6.4. That this Court provide any other appropriate equitable relief to address Defendants' violations of ERISA and to ensure Defendants provide full and fair review of claims for benefits and full and fair review of appeals from adverse benefit determinations.

6.5. That this Court remand Plaintiff's claim and order Defendants to continue to pay Plaintiff long-term disability benefits so long as she remains disabled under the terms of the insurance policy.

6.6. That this Court order Defendants to pay Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

6.7. That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

6.8. In the alternative, if the Court determines that additional review should be conducted by Defendant Hartford that Plaintiff's claims be remanded for further review, and she be awarded attorneys' fees and costs for remand.

/ / /

/ / /

/ / /

1  DATED this 1st day of November 2022.

2                                         NELSON LANGER ENGLE, PLLC

3
                                          /s/   Aaron I. Engle
4                                         Aaron I. Engle, WSBA #37955
                                          12055 15th Avenue NE, Suite 100
5                                         Seattle, WA  98125
                                          T: 206.623.7520  F:  206.622.7068
6                                         AaronE@nlelaw.com
                                          Attorneys for Plaintiff