THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENISE NIELSEN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-CV-05846-BHS |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) DEFENDANTS' ANSWER AND |
| INSURANCE COMPANY, a foreign | ) AFFIRMATIVE DEFENSES |
| corporation, and AETNA LIFE INSURANCE | ) |
| COMPANY, a foreign corporation, | ) |
| | ) |
| Defendants. | ) |

Defendants Aetna Life Insurance Company ("Aetna Life") and Hartford Life and Accident Insurance Company, in its limited capacity as attorney-in-fact for Aetna Life in this matter ("Hartford Life") hereby answer Plaintiff's Complaint for Long Term Disability Benefits ("Complaint") as follows:

## I.     NATURE OF ACTION

1.1.    Answering paragraph 1.1, Defendants admit that this action brought by Plaintiff Denise Nielsen ("Plaintiff") is governed by ERISA, but specifically deny that Plaintiff is entitled to any of the relief she seeks in this action.  Defendants deny any remaining allegations.

1.2.    Answering paragraph 1.2., Defendants admit that Plaintiff is making certain allegations in this action related to a group long-term disability ("LTD") plan (the "Plan"), which is governed by ERISA, but specifically deny that Plaintiff is entitled to any of the relief she seeks in this action.  Defendants deny any remaining allegations.

ANSWER AND AFFIRMATIVE DEFENSES - 1
Case No. 3:22-CV-05846-BHS

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

## II.   JURISDICTION AND VENUE

2.1.    Answering paragraph 2.1., this paragraph contains legal contentions to which no answer is required.  To the extent any answer is deemed to be required, Defendants admit that this Court has federal question jurisdiction of Plaintiff's ERISA claims.  Defendants deny any remaining allegations.

2.2.    Answering paragraph 2.2., this paragraph contains legal contentions to which no answer is required.  To the extent any answer is deemed to be required, Defendants admit that venue is proper in this federal court.  Defendants deny any remaining allegations.

## III.   PARTIES

3.1.    Answering paragraph 3.1., Defendants lack information sufficient to form a belief about the truth of the allegations regarding Plaintiff's residence and therefore deny the same.  Defendants admit that Plaintiff was, for some period of time, an employee of The Boeing Company ("Boeing") and that, by virtue of her employment with Boeing, Plaintiff became a participant in the Plan, which is governed by ERISA.  Defendants further state that this paragraph contains legal contentions to which no answer is required.  Defendants deny any remaining allegations.

3.2.    Answering paragraph 3.2., Defendants admit that Aetna Life and Hartford Life are both foreign corporations doing business in the State of Washington, and that their respective primary places of business are located in the State of Connecticut.  Defendants specifically deny that Aetna Life's principal place of business is located in Kentucky.  Defendants further admit that Aetna Life issued the group LTD policy to Boeing (the "Policy") and that Aetna Life is the entity responsible for paying legitimate LTD benefit claims to eligible and qualified participants when appropriate under the terms of the Policy and/or Plan.  Defendants further admit that, pursuant to an agreement between Aetna Life and Hartford Life, Hartford Life agreed to reinsure 100% of the liabilities arising under the terms of certain Aetna Life group insurance policies, including the Policy at issue in this lawsuit.  Defendants further answer that, pursuant to this agreement, Aetna Life appointed Hartford Life as its lawful attorney-in-fact to administer, among

ANSWER AND AFFIRMATIVE DEFENSES - 2
Case No. 3:22-CV-05846-BHS

other things, the claims arising under the reinsured policies, including Plaintiff's claim giving rise to this lawsuit. Defendants deny any remaining allegations.

3.3.    Answering paragraph 3.3., Defendants admit that, pursuant to an agreement between Aetna Life and Hartford Life, Hartford Life agreed to reinsure 100% of the liabilities arising under the terms of certain Aetna Life group insurance policies, including the Policy at issue in this lawsuit. Defendants further answer that, pursuant to this agreement, Aetna Life appointed Hartford Life as its lawful attorney-in-fact to administer, among other things, the claims arising under the reinsured policies, including Plaintiff's claim giving rise to this lawsuit. Defendants deny any remaining allegations.

3.4    Answering paragraph 3.4, Defendants admit that, pursuant to an agreement between Aetna Life and Hartford Life, Hartford Life agreed to reinsure 100% of the liabilities arising under the terms of certain Aetna Life group insurance policies, including the Policy at issue in this lawsuit. Defendants further admit that Aetna Life appointed Hartford Life as its lawful attorney-in-fact to administer, among other things, the claims arising under the reinsured policies, including Plaintiff's claim giving rise to this lawsuit. Defendants further state that this paragraph contains legal contentions to which no answer is required. Defendants deny any remaining allegations.

## IV.    FACTUAL ALLEGATIONS

4.1.    Answering paragraph 4.1., Defendants admit that the Plan provides LTD benefits to Boeing employees who are eligible and qualified participants under the terms of the Policy and/or Plan. Defendants deny any remaining allegations.

4.2.    Answering paragraph 4.2., Defendants admit that Aetna Life issued the Policy to Boeing and that the Plan provides LTD benefits to Boeing employees who are eligible and qualified participants under the terms of the Policy and/or Plan. Defendants deny any remaining allegations.

4.3.    Answering paragraph 4.3., this paragraph contains legal contentions to which no answer is required. To the extent any answer is deemed to be required, Defendants state by way

ANSWER AND AFFIRMATIVE DEFENSES - 3
Case No. 3:22-CV-05846-BHS

of answer that the Policy and/or Plan documents speak for themselves.  Defendants also specifically deny that they are the Plan Administrators.  Defendants deny any remaining allegations.

4.4.    Answering paragraph 4.4., this paragraph contains legal contentions to which no answer is required.  To the extent any answer is deemed to be required, Defendants admit that Aetna Life is the entity responsible for paying legitimate LTD benefit claims to eligible and qualified participants when appropriate under the terms of the Policy and/or Plan.  Defendants state by way of further answer that the Policy and/or Plan documents speak for themselves. Defendants deny any remaining allegations.

4.5.    Answering paragraph 4.5., Defendants admit that Aetna Life is the entity responsible for administering claims for LTD benefits under the terms of the Policy and/or Plan. Defendants further admit that Aetna Life appointed Hartford Life as its lawful attorney-in-fact to administer, among other things, the claims arising under the reinsured policies, including Plaintiff's claim giving rise to this lawsuit.  Defendants further state that this paragraph contains legal contentions to which no answer is required.  Defendants deny any remaining allegations.

4.6.    Answering paragraph 4.6., Defendants admit that Aetna Life is the entity responsible for administering claims for LTD benefits under the terms of the Policy and/or Plan. Defendants further admit that Aetna Life appointed Hartford Life as its lawful attorney-in-fact to administer, among other things, the claims arising under the reinsured policies, including evaluation of LTD claims made under the Plan, and including Plaintiff's claim giving rise to this lawsuit.  Defendants deny any remaining allegations.

4.7.    Answering paragraph 4.7., Defendants admit that Aetna Life is the entity responsible for administering claims for LTD benefits under the terms of the Policy and/or Plan. Defendants further admit that Aetna Life appointed Hartford Life as its lawful attorney-in-fact to administer, among other things, the claims arising under the reinsured policies, including the determination of Plan participants' eligibility for, and entitlement to, LTD benefits under the

ANSWER AND AFFIRMATIVE DEFENSES - 4
Case No. 3:22-CV-05846-BHS

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

terms of the Policy and/or Plan, and including Plaintiff's claim giving rise to this lawsuit. Defendants deny any remaining allegations.

4.8.     Answering paragraph 4.8., Defendants admit that the Plan pays LTD benefits to eligible and qualified participants when appropriate under the terms of the Policy and/or Plan and that, to qualify for LTD benefits, an eligible participant must, *inter alia*, be "disabled" under the terms of the Policy and/or Plan. Defendants state by way of further answer that the Policy and/or Plan documents speak for themselves. Defendants deny any remaining allegations.

4.9.     Answering paragraph 4.9., Defendants admit that, on information and belief, Plaintiff was employed by Boeing as a Benefits Specialist for some period of time, that she was terminated by Boeing in or around December 2020, and that she stopped actively working for Boeing beginning August 27, 2020. Defendants deny the remaining allegations.

4.10.    Answering paragraph 4.10., this paragraph contains legal contentions to which no answer is required. To the extent any answer is deemed to be required, Defendants state by way of answer that the Policy and/or Plan documents speak for themselves. Defendants deny any remaining allegations.

4.11.    Answering paragraph 4.11., this paragraph contains legal contentions to which no answer is required. To the extent any answer is deemed to be required, Defendants state by way of answer that the Policy and/or Plan documents speak for themselves. Defendants deny any remaining allegations.

4.12.    Answering paragraph 4.12., this paragraph contains legal contentions to which no answer is required. To the extent any answer is deemed to be required, Defendants state by way of answer that the Policy and/or Plan documents speak for themselves. Defendants deny any remaining allegations.

4.13.    Answering paragraph 4.13., Defendants do not dispute, on information and belief, that premiums were paid to Aetna Life for disability coverage under the Policy and/or Plan. Defendants specifically deny that Plaintiff is eligible for or entitled to receive any LTD benefits under the terms of the Policy and/or Plan. Defendants deny any remaining allegations.

ANSWER AND AFFIRMATIVE DEFENSES - 5
Case No. 3:22-CV-05846-BHS

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE: 206.682.1550

4.14.    Answering paragraph 4.14., Defendants admit, on information and belief, that Plaintiff has been diagnosed with certain conditions as identified in the Administrative Record in this matter and state by way of further answer that the Administrative Record speaks for itself. Defendants specifically deny that the conditions were continuously disabling within the meaning of the Policy and/or Plan.  Defendants deny any remaining allegations.

4.15.    Answering paragraph 4.15, Defendants admit, on information and belief, that Plaintiff has been diagnosed with certain conditions as identified in the Administrative Record in this matter and state by way of further answer that the Administrative Record speaks for itself. Defendants specifically deny that the conditions were continuously disabling within the meaning of the Policy and/or Plan.  Defendants deny any remaining allegations.

4.16.    Answering paragraph 4.16., Defendants admit, on information and belief, that Plaintiff has been diagnosed with certain conditions as identified in the Administrative Record in this matter and state by way of further answer that the Administrative Record speaks for itself. Defendants specifically deny that the conditions were continuously disabling within the meaning of the Policy and/or Plan.  Defendants deny any remaining allegations.

4.17.    Answering paragraph 4.17., Defendants deny the allegations.

4.18.    Answering paragraph 4.18., Defendants deny that Plaintiff is entitled to any LTD benefits under the terms of the Policy and/or Plan and therefore deny the allegations.  Defendants deny any remaining allegations.

4.19.    Answering paragraph 4.19., Defendants admit, on information and belief, that Plaintiff applied for short-term disability ("STD") from Boeing under the terms of a separate STD Plan.  Defendants deny any remaining allegations.

4.20.    Answering paragraph 4.20., Defendants admit, on information and belief, that Plaintiff received the maximum amount of STD benefits under the terms of the separate STD Plan.  Defendants deny any remaining allegations.

4.21.    Answering paragraph 4.21, Defendants deny that the terms of the STD Plan and the LTD Plan, which must be read as a whole, are identical, and therefore deny the allegations.

ANSWER AND AFFIRMATIVE DEFENSES - 6
Case No. 3:22-CV-05846-BHS

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

Defendants further state by way of answer that the Policy and/or Plan documents speak for themselves.  Defendants deny any remaining allegations.

4.22.   Answering paragraph 4.22., Defendants admit that Plaintiff applied for LTD benefits under the terms of the Policy and/or Plan and that Plaintiff's LTD claim was reviewed under the terms of the Policy and/or Plan.  Defendants deny any remaining allegations.

4.23.   Answering paragraph 4.23., Defendants admit that Plaintiff's LTD benefits claim was denied in a letter dated March 25, 2021, which letter speaks for itself.  Defendants state by way of further answer that the letter was sent by Hartford Life acting in its capacity as attorney-in-fact for Aetna Life.  Defendants deny any remaining allegations.

4.24.   Answering paragraph 4.24., Defendants admit that Plaintiff provided a letter dated June 7, 2022, with enclosures to be considered on appeal, which letter and enclosures speak for themselves.  Defendants deny any remaining allegations.

4.25.   Answering paragraph 4.25., Defendants admit that the denial of Plaintiff's LTD benefits claim was upheld on appeal in a letter dated August 25, 2022 (not August 22, 2022 as the Complaint alleges), which letter speaks for itself.  Defendants state by way of further answer that the letter was sent by Hartford Life acting in its capacity as attorney-in-fact for Aetna Life. Defendants deny any remaining allegations.

4.26.   Answering paragraph 4.26, Defendants deny that they engage in any actions that result in the wrongful denial of valid claims under the terms of the Plan and/or Policy and therefore deny the allegations.  Defendants deny any remaining allegations.

4.27.   Answering paragraph 4.27., Defendants deny that Plaintiff provided objective medical proof of her continuous disability under the terms of the Plan and/or Policy and therefore deny the allegations.  Defendants deny any remaining allegations.

4.28.   Answering paragraph 4.28., Defendants deny that they have engaged in any wrongful actions or that Plaintiff has sustained any economic damages and therefore deny the allegations.  Defendants deny any remaining allegations.

ANSWER AND AFFIRMATIVE DEFENSES - 7
Case No. 3:22-CV-05846-BHS

4.29.    Answering paragraph 4.29., this paragraph contains legal contentions to which no answer is required.  To the extent any answer is deemed to be required, Defendants deny that they have violated any ERISA regulations.  Defendants deny any remaining allegations.

4.30.    Answering paragraph 4.30., deny the allegations.

4.31.    Answering paragraph 4.31., Defendants state by way of answer that Aetna Life is the entity responsible for paying legitimate LTD benefit claims to eligible and qualified participants when appropriate under the terms of the Policy and/or Plan and that Aetna Life is the entity responsible for administering claims for LTD benefits under the terms of the Policy and/or Plan.  Defendants state by way of further answer that, pursuant to an agreement between Aetna Life and Hartford Life, Hartford Life agreed to reinsure 100% of the liabilities arising under the terms of certain Aetna Life group insurance policies, including the Policy at issue in this lawsuit.  Defendants further answer that, pursuant to this agreement, Aetna Life appointed Hartford Life as its lawful attorney-in-fact to administer, among other things, the claims arising under the reinsured policies, including Plaintiff's claim giving rise to this lawsuit.  Defendants deny any remaining allegations.

4.32.    Answering paragraph 4.32., Defendants state by way of answer that Aetna Life is the entity responsible for paying legitimate LTD benefit claims to eligible and qualified participants when appropriate under the terms of the Policy and/or Plan and that Aetna Life is the entity responsible for administering claims for LTD benefits under the terms of the Policy and/or Plan.  Defendants state by way of further answer that, pursuant to an agreement between Aetna Life and Hartford Life, Hartford Life agreed to reinsure 100% of the liabilities arising under the terms of certain Aetna Life group insurance policies, including the Policy at issue in this lawsuit.  Defendants further answer that, pursuant to this agreement, Aetna Life appointed Hartford Life as its lawful attorney-in-fact to administer, among other things, the claims arising under the reinsured policies, including Plaintiff's claim giving rise to this lawsuit.  Defendants deny that they improperly terminated Plaintiff's LTD benefits claim and therefore deny that any

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

conflict of interest affected the LTD benefits decision at issue in this matter.  Defendants deny any remaining allegations.

4.33.   Answering paragraph 4.33., Defendants deny that they improperly terminated Plaintiff's LTD benefits claim and therefore deny the allegations.  Defendants deny any remaining allegations.

4.34.   Answering paragraph 4.34., Defendants deny that they delay payment on or deny any claims they know to be meritorious, and therefore deny the allegations.  Defendants deny any remaining allegations.

4.35.   Answering paragraph 4.35., Defendants deny that they delay payment on or deny any claims they know to be valid, and therefore deny the allegations.  Defendants deny any remaining allegations.

4.36.   Answering paragraph 4.36., Defendants deny that they delay payment on or deny any claims they know to be valid or meritorious and therefore deny the allegations.  Defendants deny any remaining allegations.

4.37.   Answering paragraph 4.37., Defendants deny that take any actions to delay payment on claims and therefore deny the allegations.  Defendants deny any remaining allegations.

4.38.   Answering paragraph 4.38., Defendants deny that fail to establish, follow, or maintain reasonable claims procedures as required by ERISA, and therefore deny the allegations.  Defendants deny any remaining allegations.

4.39.   Answering paragraph 4.39., Defendants deny that they violate ERISA or otherwise take any actions in violation of ERISA to increase profits at the expense of the people they insure, and therefore deny the allegations.  Defendants deny any remaining allegations.

4.40.   Answering paragraph 4.40., Defendants admit that Plaintiff has exhausted her administrative remedies with respect to her claim in this matter for LTD benefits under the Plan.  Defendants deny any remaining allegations.

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

1

## V.     RIGHT TO BENEFITS UNDER ERISA

Defendants reallege and incorporate by reference all of their answers as set forth in Sections I-IV of this Answer.

5.1.     Answering paragraph 5.1., this paragraph contains legal contentions to which no answer is required.  To the extent any answer is deemed to be required, Defendants admit that the Plan at issue in this matter is governed by ERISA.  Defendants deny any remaining allegations.

5.2.     Answering paragraph 5.2., Defendants deny that they wrongfully denied Plaintiff's LTD benefits claim and therefore deny the allegations.  Defendants deny any remaining allegations.

5.3.     Answering paragraph 5.3., Defendants deny that they breached any duties owed to Plaintiff, engaged in any wrongful conduct, or caused Plaintiff any damages, and therefore deny the allegations.  Defendants deny any remaining allegations.

5.4.     Answering paragraph 5.4., Defendants admit that Plaintiff is making certain ERISA claims but deny any wrongdoing and deny that Plaintiff is entitled to any relief and therefore deny the allegations.  Defendants deny any remaining allegations.

5.5.     Answering paragraph 5.5., this paragraph contains legal contentions to which no answer is required.  To the extent any answer is deemed to be required, Defendants do not dispute, for purposes of this claim only, that review in this matter is *de novo*.  In doing so, Defendants reserve their right to assert that the abuse of discretion standard applies in any and all other matters, and its agreement not to dispute the standard of review in this particular matter is not and should not be interpreted as an admission or waiver regarding the standard of review in any other matter or for any other reason.  Defendants deny any remaining allegations.

## VI.     PRAYER FOR RELIEF

6.1. – 6.8.     Answering Plaintiff's Prayer for Relief on Pages 7-8 of Plaintiff's Complaint, including paragraphs 6.1., 6.2., 6.3., 6.4., 6.5., 6.6., 6.7., and 6.8., to the extent any

ANSWER AND AFFIRMATIVE DEFENSES - 10
Case No. 3:22-CV-05846-BHS

answer is required, Defendants deny that Plaintiff is entitled to any relief in this matter and therefore deny the allegations.  Defendants deny any remaining allegations.

Except as expressly admitted, Defendants deny any and all remaining allegations in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER AND DEFENSE, and in an abundance of caution, Defendants assert the following defenses and affirmative defenses, some or all of which may ultimately be supported by the facts to be revealed in the investigation of this case.  **Upon request and after further investigation, if appropriate, Defendants will withdraw those defenses that are unsupported by the facts revealed through further investigation, should there be any.**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, or some of the allegations in it, fails to state a claim upon which relief may be granted, because, *inter alia*, Plaintiff is not entitled to any further LTD benefits or other relief under the terms of the Policy and/or Plan.

### SECOND AFFIRMATIVE DEFENSE

Hartford Life is not a proper defendant in this matter.

### THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively allege that any alleged liability of Defendants is subject to, and that Plaintiff's claims are barred by, the terms, conditions, limitations, endorsements, exclusions, and effective dates of the documents and instruments governing the Policy and/or Plan.  Copies of the governing Policy and/or Plan documents are incorporated into this answer by reference as if fully set forth herein.  Defendants reserve the right to rely upon any and all provisions and terms of the Policy and/or Plan in defense of this matter.

ANSWER AND AFFIRMATIVE DEFENSES - 11
Case No. 3:22-CV-05846-BHS

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

1

### FOURTH AFFIRMATIVE DEFENSE

2      Any determinations made by Defendants with respect to Plaintiff's claims were made in

3  the interest of all participants and beneficiaries and in accordance with the terms and conditions

4  of the Policy and/or Plan; Defendants acted reasonably and in good faith at all times.

5

### FIFTH AFFIRMATIVE DEFENSE

6      Plaintiff's demand for attorneys' fees should be denied, because Defendants' defenses to

7  this action are reasonable and made in good faith.

8

### SIXTH AFFIRMATIVE DEFENSE

9      Any remedy available for any act or omission by Defendants is limited solely to those

10  remedies available under ERISA.  To the extent Plaintiff asserts claims and/or seeks remedies

11  not allowed under ERISA, such claims are preempted, and such remedies should be denied.

12

### SEVENTH AFFIRMATIVE DEFENSE

13      If the Court should determine that Plaintiff is entitled to disability benefits, the entitlement

14  to which Defendants deny, then, pursuant to the Policy and/or Plan documents at issue,

15  Defendants are entitled to an offset of benefits for any and all payments for other income received

16  by Plaintiff and/or an estimated amount of other income, including, but not limited to, Social

17  Security disability benefits, workers' compensation, other group disability benefits collected by

18  Plaintiff and any other sources of income received by Plaintiff.

19

### EIGHTH AFFIRMATIVE DEFENSE

20      To the extent Plaintiff is deemed entitled to recover benefits, and without admitting

21  Plaintiff is entitled to recover benefits under the Plan and/or Policy, such immediate entitlement

22  does not mean Plaintiff has an entitlement to unlimited future benefits given, *inter alia*, the

23  possibility for future recovery from any disabling conditions (the existence of which are denied),

24  as well as the effect of different Plan and/or Policy requirements, exclusions, or limitations.  The

25  Plan and/or Policy do not permit or provide for payment of accelerated or future benefits.

26

27

ANSWER AND AFFIRMATIVE DEFENSES - 12
Case No. 3:22-CV-05846-BHS

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**RESERVATION OF RIGHTS**

Defendants reserve the right to add additional affirmative defenses, or to strike affirmative defenses asserted herein, pending discovery.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint and asserted affirmative defenses, Defendants pray for judgment as follows:

1.      For dismissal of Plaintiff's Complaint with prejudice;

2.      For Defendants' costs, disbursements, and attorneys' fees in an amount to be determined at the time of trial; and

3.      For such other and further relief as the Court deems just and equitable.

DATED:  December 21, 2022

JENSEN MORSE BAKER PLLC


By *s/ Sarah E. Swale*_____
Gabriel Baker, WSBA No. 28473
gabe.baker@jmblawyers.com
Sarah E. Swale, WSBA No. 29626
sarah.swale@jmblawyers.com
Attorneys for Defendants Aetna and Hartford Life

ANSWER AND AFFIRMATIVE DEFENSES - 13
Case No. 3:22-CV-05846-BHS

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WA 98101
PHONE:  206.682.1550

## CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the date identified below the document attached hereto was delivered to the below counsel in the manner indicated.

Aaron I. Engle
Nelson Langer Engle PLLC
12055 15th Avenue NE, Suite 100
Seattle, WA  98125
AaronE@nlelaw.com

☑ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

DATED December 21, 2022

By *s/ Sarah E. Swale*
Sarah E. Swale

CERTIFICATE OF SERVICE
Case No. 3:22-CV-05846-BHS